IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JOHN RODRIGUEZ,

        Plaintiff,

v.

NANCY A. BERRYHILL,[1] Acting
Commissioner of Social Security,

        Defendant.

Civil Action No.
5:15-CV-1000 (DEP)

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF: | |
| LACHMAN & GORTON LAW OFFICE<br>P.O. Box 89<br>1500 East Main Street<br>Endicott, New York 13761 | PETER A. GORTON, ESQ. |
| FOR DEFENDANT: | |
| HON. GRANT JAQUITH<br>Acting United States Attorney<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, NY 13261 | EMILY M. FISHMAN, ESQ.<br>Special Assistant U.S. Attorney |

---

[1] Carolyn W. Colvin, who was named as the defendant in plaintiff's complaint, was recently replaced as the Acting Commissioner of Social Security by Nancy A. Berryhill. Because Carolyn W. Colvin was sued only in her official capacity, Nancy A. Berryhill has been automatically substituted for her as the named defendant. Fed. R. Civ. 25(d).

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

DECISION AND ORDER

Plaintiff John Rodriguez initiated this action in 2015, seeking judicial review of a determination by the Acting Commissioner of Social Security ("Acting Commissioner") denying his application for Social Security benefits. Having succeeded in this court and, on remand, before the Social Security Agency, resulting in an award of past due benefits to his client, plaintiff's attorney now seeks an order, pursuant to 42 U.S.C. § 406(b), awarding him attorney's fees in the amount of $11,160.00, conditioned upon counsel's return to plaintiff of $5,200.00 previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons set forth below, the motion of plaintiff's counsel, which the Acting Commissioner has not opposed, will be granted.[2]

I. BACKGROUND

Plaintiff commenced this action on August 18, 2015, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to challenge a final determination by the Acting Commissioner denying his application for disability insurance benefits and supplemental security income payments, pursuant to Titles II

---

[2] This matter is before me on consent of the parties, pursuant to 28 U.S.C. § 636(c). Dkt. No. 13.

and XVI, respectively, of the Social Security Act. Dkt. No. 1. That denial was based upon an adverse decision, following a hearing, by Administrative Law Judge Hortensia Haaversen, issued on March 13, 2014, Dkt. No. 10 at 39-51, and the subsequent decision of the Social Security Administration Appeals Council denying plaintiff's request for review of that determination, Dkt. No. 10 at 5-8. Following the filing of the administrative transcript of proceedings and evidence before the agency, and plaintiff's brief in the action, the parties stipulated to the entry of an order remanding the matter to the Acting Commissioner for further consideration. Dkt. No. 14. Based upon that stipulation, I issued an order on March 7, 2016, approving the stipulation and directing that the matter be remanded to the agency pursuant to sentence four of 42 U.S.C. § 405(b). Dkt. No. 15. Judgment was subsequently entered, also on March 7, 2016, reversing the Acting Commissioner's determination, remanding the matter for further administrative action and closing the case. Dkt. No. 16.

Following the remand, plaintiff's counsel, Peter A. Gorton, Esq., sought recovery of attorney's fees pursuant to the EAJA. Dkt. Nos. 18, 19. In that application Attorney Gorton requested an award of $5,438.83 based upon the total number of hours expended, 27.9, to be compensated

3

at a blended rate covering 2015 and 2016 of $194.94. *Id.* That application resulted in the entry of a stipulated order granting Attorney Gorton EAJA attorney's fees in the amount of $5,200. Dkt. No. 20.

As a result of the further administrative proceedings ordered by the court, following the remand, a notice of award was issued by the Acting Commissioner on March 27, 2016, granting plaintiff benefits in the amount of $76,374.00 for the period November 2009 through December 2016. Dkt. No. 21-3 at 1-2. Of that amount, $19,093.50 was withheld to defray plaintiff's attorney's fees, of which $6,000 has been paid to Attorney Gorton for his services before the agency. Dkt. No. 21-1 at 1.

On May 18, 2017, Attorney Gorton filed a motion seeking an additional award of attorney's fees for his prior work before the district court, pursuant to 42 U.S.C. § 406(b), based upon the favorable result and his retainer agreement, under which plaintiff agreed to compensate him to the extent of twenty-five percent of past due benefits awarded in the event of a favorable decision. Dkt. No. 21-4 at 1. In his request, Attorney Gorton seeks a total recovery of $11,160.00 for the 27.9 hours of work performed in this court, calculated at an hourly rate of $400.[3] Dkt. No. 21-2 at 1.

---

[3] Twenty-five percent of the total fee award would equal $19,093.50. Attorney Gorton has reduced that amount by $6,000, the sum he was paid for services performed before the administrative agency, leaving $13,093.50 remaining to be

4

II. DISCUSSION

The Social Security Act permits a court to award the attorney representing a prevailing claimant "a reasonable fee for [his] representation not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b). In awarding attorney's fees under section 406(b) where there is an underlying contingency fee agreement, "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case[.]" *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

The reasonableness of a contingency fee agreement in a Social Security case is informed by several factors, including whether (1) there is evidence of fraud, (2) the attorney was ineffective or caused unnecessary delay, and (3) the fee would result in a windfall to the attorney in relation to the services provided. *Schiebel v. Colvin*, No. 14-CV-0739, 2016 WL 7338410, at *2 (N.D.N.Y. Dec. 19, 2016) (Kahn, J.) (citing *Wells*, 907 F.2d at 372). Courts "have appropriately reduced the attorney's recovery based on the character of the representation and the results the representation

---

withheld pursuant to his retainer agreement. Attorney Gorton has agreed to refund to plaintiff the amount of $5,200 previously awarded, in the event his pending application is granted, and has reduced the total amount sought from $13,093.50 to $11,160.00. Dkt. No. 21-1 at 1.

5

achieved." *Gisbrecht v. Barnhart*, 535 U.S. at 789, 808 (2002); *see also* *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989). "If the attorney is responsible for delay," or "[i]f benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Gisbrecht*, 535 U.S. at 808. In short, if counsel's representation does not warrant recovery of the amount agreed upon, the court may reduce the award.

In this case, there is no evidence of fraud. Moreover, Attorney Gorton's efforts were highly effective in challenging the Acting Commissioner's denial of benefits, and there is no suggestion that Attorney Gorton delayed in his representation of plaintiff. The focus of the court's evaluation of the pending request is therefore upon whether the requested fee would result in a windfall to plaintiff's counsel.

In determining whether compensation pursuant to a retainer agreement would result in a windfall to counsel, the court considers the following factors: (1) whether the attorney's efforts were successful for the plaintiff; (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate, but rather arguments involving issues of material fact and research; and (3) whether the case was handled efficiently due to the attorney's experience

6

in handling Social Security cases. *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005).

With respect to the first factor, Attorney Gorton's efforts were undeniably successful because the plaintiff, whose application was initially denied, secured a recovery of past due benefits in the sum of $76,374 as a result of his counsel's representation. Dkt. No. 21-3 at 1-2. Second, Attorney Gorton submitted a thorough brief to the court on January 25, 2016, discussing in detail the medical records and opinions in the record, and articulating why the Acting Commissioner's determination was not supported by substantial evidence. Dkt. No. 12 at 3-8. The brief, which spans twenty-five pages, required legal research and extensive fact gathering to prepare, and did not contain large segments of mere boilerplate language. *See generally* Dkt. No. 12. Third, Attorney Gorton's skill and legal experience in trying over 150 Social Security cases each year, on average, is evident from the record, and his efforts resulted in a favorable outcome for plaintiff. Dkt. No. 18 at 3-4. Having considered the relevant factors, I conclude that Attorney Gorton's requested fee agreement would not result in a windfall.

The effective hourly rate associated with Attorney Gorton's fee application gives the court pause. That rate is significantly higher than the

7

hourly rates typically applied by this court to applications filed under various fee-shifting statutes.[4] *See, e.g., Stevens v. Rite Aid Corp.*, No. 13-CV-0783, 2016 WL 6652774, at *3 (N.D.N.Y. July 6, 2016) (McAvoy, J.) ("Recent cases in the Northern District have upheld hourly rates between $250 and $345 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals." (quotation marks omitted)). Those types of fee-shifting provisions, however, under which a losing party can be required to pay attorney's fees to a prevailing party, are distinct from the statute under which Attorney Gorton's current application is made, permitting plaintiffs to enter into contingency fee agreements with lawyers willing to take their cases. Permitting such arrangements that, as is the case in this instance, results in recovery of fees at an effective rate higher than ordinarily sanctioned in fee-shifting cases, serves an important purpose of encouraging lawyers to agree to represent Social Security claimants, many of whom are of limited resources.

I note, moreover, that while an hourly rate of $400 appears to be considerable, it falls comfortably within the range of rates approved by

---

[4] The lodestar method of calculating attorney's fees does not apply in the context of awarding fees under 42 U.S.C. § 406(b). *Gisbrecht*, 535 U.S. at 806; *see also Wells*, 907 F.2d at 371 ("[T]he traditional lodestar method borrowed from the fee shifting context is not appropriate for evaluating a reasonable fee to be paid by the client in a Social Security case where there is a contingent fee agreement.").

courts in this district and elsewhere when analyzing applications under 42 U.S.C. § 406(b). *See, e.g.*, *Cole on Behalf of Cole v. Comm'r of Soc. Sec.*, No. 15-CV-0201, 2017 WL 2473174, at *2 (N.D.N.Y. June 8, 2017) (D'Agostino, J.) (accepting a contingency fee agreement with an hourly rate of $643.49 for 16.7 hours of work in a Social Security case); *Doldan v. Colvin*, No. 13-CV-0863, 2017 WL 1313835, at *2 (W.D.N.Y. Apr. 8, 2017) (finding that a contingency fee agreement with an hourly rate of $418.20 for 39.7 hours of work in a Social Security case did not amount to a windfall to counsel); *Eastman v. Colvin*, No. 13-CV-1334, 2016 WL 6537681, at *2 (N.D.N.Y. Nov. 3, 2016) (D'Agostino, J.) (finding that a contingency fee agreement with an hourly rate of $402.43 for twenty-one hours of work in a Social Security case was not a windfall to the plaintiff's attorney); *Nagle v. Comm'r of Soc. Sec.*, No. 11-CV-0855, 2016 WL 1275650, at *1 (N.D.N.Y. Mar. 31, 2016) (Mordue, J.) (accepting a contingency fee agreement with an hourly rate of $372.53 for 26.25 hours of work in a Social Security case); *Filipkowski v. Barnhart*, No. 05-CV-1449, 2009 WL 2426008, at *2 (N.D.N.Y. Aug. 6, 2009) (Sharpe, J.) (finding that a contingency fee agreement with an hourly rate of $743.30 for 33.25 hours of work in a Social Security case did not amount to a windfall).

9

Inasmuch as there is no evidence of fraud, his representation was effective, and the fee agreement would not result in a windfall to counsel, Attorney Gorton's request appears to be reasonable. Additionally, Attorney Gorton's request of $11,160.00 in attorney's fees is within the $19,093.50, or twenty-five percent of past-due benefits, that has been withheld in this case, and therefore complies with 42 U.S.C. § 406(b). Dkt. No. 21-1 at 1; *see also* Dkt. No. 22 at 1. Attorney Gorton's request for attorney's fees in the amount of $11,160.00 also falls within the $13,093.50 of currently withheld money. *Id.* I note, moreover, that Emily M. Fishman, Esq., who represents the Acting Commissioner of Social Security in this matter, stated in a letter dated May 19, 2017, that the Acting Commissioner does not object to Attorney Gorton's fee request.[5] Dkt. No. 22 at 1-2.

In sum, having considered counsel's request, I find that the amount sought is reasonable under the circumstances.

---

[5] Counsel for the Acting Commissioner does correctly observe that, despite the lack of objection, the court nonetheless is duty-bound under 42 U.S.C. § 406(b) to confirm the reasonableness of the award sought. Dkt. No. 22 at 2 (citing *Grisbrecht*, 535 U.S. at 807).

III. **SUMMARY AND ORDER**

Plaintiff and his counsel, Peter A. Gorton, Esq., entered into a contingency fee agreement under which plaintiff agreed to compensate Attorney Gorton in the amount of twenty-five percent of past due benefits awarded to him in the event of a favorable decision. Having reviewed the pending application for approval of the payment of fees, I conclude that the amount now sought by Attorney Gorton pursuant to that arrangement is reasonable and would not result in a windfall to counsel. Accordingly, it is hereby

ORDERED as follows:

(1) Attorney Peter A. Gorton, Esq., is hereby awarded the sum of $11,160.00, pursuant to 42 U.S.C. § 406(b), as fees pursuant to his agreement with plaintiff, to be paid from the amount withheld by the Acting Commissioner from the past due benefits awarded to plaintiff.

(2) Attorney Peter A. Gorton, Esq. is hereby directed to refund to plaintiff the sum of $5,200 previously awarded as attorney's fees pursuant to the EAJA.

Dated: July 10, 2017
         Syracuse, New York

David E. Peebles
U.S. Magistrate Judge